BOARD OF TRADE OF CITY OF CHICAGO v. TUCKER et al.

(District Court, W. D. New York. January 13, 1913.)

No. 201.

1. WITNESSES (§ 400*)—ADVERSE WITNESS—TESTIMONY—CONCLUSIVENESS.

Complainant was not concluded by the testimony drawn from defendant's employés, though subpœnaed by himself, but was entitled to contradict their testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 400.*]

2. EQUITY (§ 354½*)—BOOKS AND PAPERS—PRODUCTION.

In a contempt proceeding for breach of an injunction restraining defendants' use of complainant's stock quotations, the production of books and records of another exchange on which defendants claimed they were doing business should not be required merely to pry into the business affairs of such exchange or into the dealings of respondents with their customers, if no relevant testimony is to be produced with reference thereto.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 354½.*]

3. EQUITY (§ 349*)—TAKING TESTIMONY—LIMITATION.

It will not·be assumed, in proceedings to limit the taking of testimony in support of contempt proceedings for violation of an injunction, that complainant's counsel is acting in bad faith and will urge the giving of extraneous testimony, or endeavor to compel a disclosure of confidential relations between respondents and their customers, or unnecessarily inquire into the affairs of a rival exchange with which defendants have been doing business.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 731, 732; Dec. Dig. § 349.*]

4. EQUITY (§ 349*)—VIOLATION OF INJUNCTION—CONTEMPT PROCEEDINGS—TAKING OF TESTIMONY.

Where an order for the taking of testimony was entered in contempt proceedings for violation of an injunction, providing for examination of witnesses in various districts, relief should be obtained against the improper conduct of such examination by application to the court in the jurisdiction where the examination is being conducted.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 731, 732; Dec. Dig. § 349.*]

5. EQUITY (§ 349*)—EXAMINATION OF WITNESSES—ORDER.

Where, in contempt proceedings for violation of an·injunction against defendants' use of complainant's stock quotations, it appeared that defendants' transactions subsequent to the injunction had been made on the Pittsburg Stock Exchange, and that complainant's activities were not limited to Buffalo and Chicago, complainant was entitled to take testimony in Pittsburg under an order entered by the federal court of the western district of New York appointing a special examiner to take testimony "within and without this district."

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 731, 732; Dec. Dig. § 349.*]

In Equity. Suit by the Board of Trade of the City of Chicago against Henry C. Tucker and another. On order to show cause why an order for the taking of testimony before a special examiner should not be modified. Granted in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry S. Robbins, of Chicago, Ill., for complainant.
James O. Moore, Eugene Warner, and George Clinton, all of Buffalo, N. Y., for respondents.

HAZEL, District Judge. An order to show cause to modify the order of April 2, 1912, appointing a special examiner to take testimony within or without this district, to limit the taking of testimony to the. cities of Chicago and Buffalo, was granted on the ground of the respondents' claim that they will be irreparably injured by a continuation of such examination at Pittsburgh, if the complainant is permitted to compel a disclosure of confidential relations existing between respondents and their customers, especially as many members of the complainant corporation are respondents' competitors in business, who will profit by the frivolous and prying examination of witnesses in that city.

It has been necessary for me to read the record of the examination and the proceedings to punish certain witnesses for contempt of court in failing to produce books, papers, and documents described in the subpœna duces tecum, had before Judge Orr at Pittsburgh. The testimony already taken indicates that the respondents daily receive from their customers a large number of orders for the purchase of shares of stock, necessitating the making of so-called trades, which several witnesses have testified are telegraphically communicated to the Consolidated Stock and Produce Exchange at Pittsburgh. If such trades are actually executed at Pittsburgh the respondents probably have not disobeyed the injunction of this court, for in such case the quotations or prices of sales, it might be presumed, would be the prices fixed on the floor of the Consolidated Stock and Produce Exchange of Pittsburgh. But the complainant urges that such trades are not so executed, and that there is in fact no stock exchange in Pittsburgh conducted in good faith, at which such trades can be executed or completed. It appears that respondents have telegraph wires running from Pittsburgh into their offices at Buffalo, N. Y., and have business relations relative to sales of stock with the Consolidated Stock and Produce Exchange.

[1] The testimony to the effect that the trades were consummated on said Exchange was drawn out by complainant on the examination of witnesses subpœnaed by it; but, as such witnesses were in the employ of the respondents as clerks and operators, the complainant is not precluded from contradicting such testimony, and from showing that the trades are merely wired to Pittsburgh on the pretense of their execution there, when in fact they are executed in Buffalo on complainant's quotations.

[2] Of course, the production of books and records of the Pittsburgh Exchange should not be required, if no relevant testimony is to be introduced, or if the purpose is merely to pry into the business affairs of another exchange, or into the dealings of respondents with their customers. But the relevancy or materiality of testimony does not always appear in the beginning, and it is often necessary to await the development of the case before its importance can be determined.

[3] It will not be assumed, in view of the fact that there are trade dealings between respondents and the Pittsburgh Exchange, that counsel for complainant is acting in bad faith and will necessarily urge the giving of extraneous testimony, or endeavor to compel a disclosure of confidential relations with customers, or unnecessarily inquire into the affairs of the Consolidated Stock and Produce Exchange of Pittsburgh. The case at bar, a proceeding to punish the respondents for contempt of court, is one of peculiar importance, and it is not unlikely that some improper testimony will find its way into the record; but that fact would not justify curtailing the complainant's right to continue the examination of witnesses who, as it is believed, are in a position to prove complainant's cause for grievance. There is nothing shown to indicate that the examination of the witnesses at Pittsburgh is conducted frivolously or with the improper motives asserted by respondents.

[4] If the examination be unfairly conducted, or if it should appear that the sole purpose thereof is to inquire into the personal affairs of the witnesses or of the Exchange, or if complainant does not confine itself to the issue, then relief should be sought in the jurisdiction where the examination is conducted.

[5] From my consideration of what has occurred at Pittsburgh, it does not seem to me that such examination is oppressive, unfair, or improperly conducted. While at the outstart it was supposed that examinations at Buffalo and Chicago would suffice, still, in view of the disclosures relating to the execution of the trades at Pittsburgh, the complainant was not without right, under the broad order appointing the examiner, to pursue the inquiry at that place and prove the actual facts. No sufficient reasons are assigned for modifying the order heretofore made appointing the special examiner except that I think no testimony should be taken at any other places than at Chicago, Buffalo, and Pittsburgh without further order of the court.

So ordered.